### FALCONER v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. December 17, 1923.)

No. 4058.

Conspiracy ☞47—Evidence held to sustain conviction for conspiring to import, possess, transport, and sell intoxicating liquor.

Evidence *held* to sustain a conviction under counts alleging a conspiracy to import, possession, transportation, and sale of intoxicating liquor.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Netterer, Judge.

Raleigh Monroe Falconer and others were convicted of violating the National Prohibition Act, and the named defendant brings error. Affirmed.

Thomas Byron MacMahon and Tucker & Hyland, all of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and Charles P. Moriarty, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted on four counts of an indictment. The first count charged him and two others with a conspiracy, entered into on or about July 17, 1921, to do certain acts in violation of the National Prohibition Law (41 Stat. 305) in having and possessing intoxicating liquors in violation of law, in selling to others such liquors, in transporting such liquors in launches and other vehicles, in importing into the United States from British Columbia such liquors, and in concealing and facilitating the transportation of such liquors. The second count charged the same defendants with the offense of having in their possession intoxicating liquors on July 17, 1921. The third count accused them of transporting such

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied February 11, 1924.

liquors on that date. The seventh count charged them with unlawfully selling intoxicating liquors on that date.

The assignments of error are that the court overruled the motion for a new trial and the motion for arrest of judgment, and denied the motion of plaintiff in error for an instructed verdict in his favor. The rulings on the motions for a new trial and for arrest of judgment are not assignable as errors. The only question before this court is whether there was evidence to go to the jury on the counts under which the plaintiff in error was convicted.

It is argued that there was no testimony to show that the plaintiff in error had an agreement with any other person to import liquor from Canada or elsewhere, or to do any of the acts mentioned in the conspiracy count. It is true that there is no direct testimony that a conspiracy was entered into. In this case, as in nearly all conspiracy cases, the meeting of the minds of the conspirators is shown by circumstances. Jones, a codefendant with the plaintiff in error, pleaded guilty to the indictment. There was evidence that on the afternoon of July 17, 1921, the lighthouse keeper at Port Angeles aided a distressed launch off shore, that the plaintiff in error and Jones were on the launch, that the launch subsequently was taken to a wharf at Port Angeles and liquor was unloaded therefrom. The plaintiff in error admitted that liquor was on the launch. There was testimony that on July 24 a witness saw Jones on the wharf at Port Angeles, and heard him say that he was coming in with another load of liquor, and that the boat was coming from the Canadian side. There was evidence that again on July 27 another cargo of liquor arrived by boat, and that the plaintiff in error claimed the liquor as his own. There is other evidence, but the foregoing is amply sufficient to show conspiracy. As to the other counts, there was evidence that the plaintiff in error sold liquor, and there was the testimony of a witness that he purchased liquor from the plaintiff in error. The testimony, if believed by the jury, was amply sufficient to support the verdict.

It is contended that there was error in some of the instructions to the jury, but no assignment of error is directed to the instructions, and we find in them no plain error, or anything that requires our consideration.

The judgment is affirmed.